IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VINSON BALLARD                                                                                      PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13-CV-672-DPJ-FKB

JACKSON STATE UNIVERSITY                                                            DEFENDANT

ORDER

This employment-discrimination dispute is before the Court on Defendant JSU's Motion for Judgment on the Pleadings [16].  Plaintiff responded in opposition [20], to which Defendant replied [21].  Having considered the parties' memoranda and submissions, along with the pertinent authorities, the Court finds that Defendant's motion should be granted in part and denied in part.

I.      Overview

Plaintiff Vinson Ballard generally claims that JSU mistreated him in various ways before terminating his employment as the university's Americans with Disabilities Act Compliance Officer/Americans with Disabilities Act Coordinator.  Aggrieved by the loss of his job, Ballard filed a charge of discrimination with the Equal Employment Opportunity Commission on June 5, 2012, claiming sex-based discrimination, disability-based discrimination, and retaliation.  He then filed this action, *pro se*, after receiving his Notice of Suit Rights from the commission.

Ballard's original complaint was difficult to follow and drew a quick motion to dismiss from JSU.  But before the Court ruled, Ballard hired counsel who sought and received leave to file an amended complaint.  That pleading dropped some obviously defective claims and preserved the following counts:  Count One—Title VII sex discrimination; Count Two—"association discrimination" under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1974; and Count Three—retaliatory discharge.  Though the causes of action have been streamlined, the Amended Complaint copied the balance of Ballard's confusing

*pro se* complaint and did little to clarify the basis for his claims. Not surprisingly, JSU again moves to dismiss. The Court has personal and subject-matter jurisdiction and, having considered the submissions of the parties, is prepared to rule.

II.     Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding a motion under Rule 12(c) is the same as that for deciding a motion under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration in original) (internal quotation marks omitted). Such motions "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As Ballard notes, there is no heightened pleading standard in employment cases. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002). Therefore, "a complaint in an employment discrimination lawsuit [need not] contain specific facts establishing a prima facie case of discrimination under the" well-known burden-shifting framework. *Id*. (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 794 (1973)). Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal quotation marks, citation, and footnote omitted). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency . . . . should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558) (alteration in original) (internal quotation marks omitted)).

III.   Analysis

    A.  Sex-Discrimination Claim

As pleaded, Ballard's sex-discrimination claim is difficult to follow. In the body of his Amended Complaint, Ballard avers that a female supervisor subjected him to a hostile working environment after he rebuffed "her sexual advances." *See* Am. Compl. [15] ¶ 8. And Count One picks up on that theme, stating that Ballard "is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff because of his gender and/or sex in violation of Title VII of the Civil Rights Act of 1964." *Id*. ¶ 27. In its motion to dismiss, JSU argues that these bare assertions fail to state a claim for Title VII sex discrimination.

Ballard responds by first conceding the hostile-work-environment claim, so that much of the motion is granted with prejudice. Ballard then announces that he will pursue "the disparate treatment claim based on sex." Pl.'s Resp. [20] at 1. But the sum total of his argument for allowing that claim is as follows: "Defendant seems to claim that Plaintiff must allege a *prima facie* case for his disparate treatment claim based on sex; however, this Court and the Supreme Court have find otherwise [sic]." *Id*. (citing *Swierkiewicz*). Notably, Ballard fails to direct the Court to any averments in his Amended Complaint that might suggest a plausible disparate-treatment claim.

3

Ballard was not required to plead a prima facie case and made no such attempt. But he must say something. He must at least plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Count One expressly references a "hostile-working environment," and notes "discriminatory practices, insults, contempt and disdain [that] have been demeaning to Plaintiff." Am. Compl. [15] ¶ 27. But it makes no reference to a disparate-treatment claim or to an adverse employment action resulting from disparate treatment. The closest Ballard comes in Count One is a reference to "discriminatory conduct," but that conclusory allegation seems to relate to the alleged hostile working environment that he pleaded and then abandoned. *See* Am. Compl. [15] ¶ 27. And as for the facts section of his Amended Complaint, convoluted as it is, there appears to be no reference to disparate treatment because of Ballard's sex.

Ballard is represented by experienced counsel that knows how to plead a disparate-treatment claim. No such claim is apparent in this Amended Complaint. More to the point, Ballard failed to allege sufficient facts to state a plausible claim that JSU treated him differently from similarly situated employees based on his sex. Defendant's motion is granted.

The Court usually grants an opportunity to seek leave to amend after a successful Rule 12(c) motion. *See Smith v. Pro Logistics Inc. 1*, No. 3:14cv447–DPJ–FKB, 2014 WL 5107595, at *4 (S.D. Miss. Oct. 10, 2014). This practice follows *Hart v. Bayer Corp.*, in which the Fifth Circuit explained:

> Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.

199 F.3d 239, 247 n.6 (5th Cir. 2000). But this is not a case where a party has attempted to plead a claim yet failed to include sufficient facts. Ballard's response to JSU's motion raises a new

4

claim that he never pleaded in his first two attempts. For that reason, the Court will not invite a motion seeking leave to amend but will instead dismiss the claim without prejudice.[1]

  B.  Disability Discrimination by Association

In Count Two, Ballard asserts a claim based on "association discrimination." Am. Compl. [15] ¶¶ 28–30. Ballard seems to claim that JSU terminated his employment for advocating on behalf of disabled students, thereby violating § 12112(b)(4) of the ADA. Pl.'s Am. Compl. [15] ¶ 30; *see also* Pl.'s Resp. [20] at 2. Section 12112(b)(4) defines discrimination as "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

"The Fifth Circuit has not explicitly recognized a cause of action for discrimination based on association with a handicapped individual, nor ha[s it] described what such a claim requires." *Grimes v. Wal-Mart Stores Tex., L.L.C.*, 505 F. App'x. 376, 380 n.1 (5th Cir. 2013) (per curiam). Nevertheless, the Fifth Circuit has acknowledged that district courts within the circuit recognize "associational discrimination" claims. *Id.* Though the court in *Grimes* examined a possible test, it cautioned that "this opinion should not be construed as recognizing a cause of action for associational discrimination based on disability since, even assuming such a cause exists, Grimes cannot meet the burden that such a claim would entail." *Id.*

---

[1] Ballard's EEOC Charge of Discrimination states that he was fired based on his sex, explaining: "I was approached in a sexual manner by my female supervisor. I refused her advances and as a result I was wrongfully discharged." Am. Compl. [15] at Ex. A. There is no mention of disparate treatment. So even assuming he tried to mention this claim somewhere in his Amended Complaint, it does not *appear* that he exhausted his administrative remedies, which would make an amendment futile. Neither party addresses that point, so the Court will only say that the Charge of Discrimination further indicates that only sexual harassment formed the basis of his Title VII claim, as pleaded in his original and amended complaints.

The same is true here.  Even assuming associational discrimination claims are viable, § 12112(b)(4)'s plain language prohibits discrimination based on an association with someone with a disability.  It makes no reference to protecting advocacy on behalf of those disabled individuals.  Indeed "[t]he legislative history of section 12112(b)(4) makes clear that the provision was intended to protect qualified individuals from adverse job actions based on 'unfounded stereotypes and assumptions' arising from the employees' relationships with particular disabled persons."  *Oliveras-Sifre v. P.R. Dep't of Health*, 214 F.3d 23, 26 (1st Cir. 2000); *see also Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1082–83 (10th Cir. 1997) (examining H.R. Rep. No. 101–485, pt. 2, at 61–62 (1990) and H.R. Rep. No. 101–485, pt. 3, at 38–39 (1990)).

Recognizing that § 12112(b)(4) protects against discrimination based on association, the First Circuit has specifically ruled that it does not protect advocacy.  *Oliveras-Sifre*, 214 F.3d at 26.  Other courts have reached the same conclusion.  *See* Def.'s Reply [21] at 3 (citing *Leavitt v. SW&B Constr. Co., LLC*, 766 F. Supp. 2d 263, 281–82 (D. Me. 2011); *Sergeant v. Little Rock Sch. Dist.*, No. 4:09CV00213-WRW, 2010 WL 3199702, at *4 (E.D. Ark. Aug. 12, 2010) *Freilich v. Bd. of Dirs. of Upper Chesapeake Health, Inc.*, 142 F. Supp. 2d 679, 700–01 (D. Md. 2001)).

Ballard notes in response that the viability of an associational discrimination claim remains open in the Fifth Circuit and that district courts have recognized it.  Pl.'s Resp. [20] at 2.  But the one case he cites was not an advocacy case, and he cites no cases recognizing an associational-discrimination claim in this context.  *Id*.  Ballard's only other argument urges the Court to apply the "zone of interest" analysis found in *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011).  But *Thompson* involved a different statute and an obviously different

6

legal theory. Ballard cannot sustain an associational-disability-discrimination claim, so it is dismissed with prejudice.

        C.        Retaliatory Discharge

Count Three of Ballard's Amended Complaint asserts "retaliatory discharge" under Title VII, the ADA, and the Rehabilitation Act. He claims that after engaging in protected activity, he was "retaliated against by unjustly subjecting him to unjust scrutiny." Am. Compl. [15] at 12. According to JSU, Ballard's retaliation claim fails for two reasons: (1) Ballard failed to file a timely charge of discrimination with the EEOC; and (2) "unjust scrutiny" is neither an adverse employment action nor sufficiently pleaded in the Amended Complaint. Def.'s Mem. [16] at 3–4.

JSU's arguments are plausible given the sloppy wording in the Amended Complaint. But when faced with JSU's motion, Ballard explained that the termination is the only adverse employment action he pursues. Pl.'s Resp. [20] at 2. And the termination is an obvious adverse action for which Ballard filed a timely charge of discrimination.

JSU now argues in reply that Ballard is attempting to change course and should be foreclosed from making a retaliation claim based on the termination. Def.'s Reply [21] at 2–3. But it seems sufficiently clear that the termination was at least one of the retaliatory acts pleaded in the Amended Complaint. For example, Ballard avers in the fact section that he was "wrongfully terminated." *See, e.g.*, Am. Compl. [15] ¶ 22. He also alleges various protected activities under Title VII and the ADA. *See, e.g.*, *id*. ¶¶ 12, 22. Finally, Count Three expressly references the discharge. First, the title of that count includes: "RETALIATORY DISCHARGE." *Id.* at 12. Second, the sentence following Ballard's reference to "unjust scrutiny" claims that "[s]ubsequent to Plaintiff Ballard engaging in such activity, and only after

reporting this conduct, he was terminated by Jackson State University." *Id.* ¶ 32.  Though Ballard has now abandoned the many other adverse actions he alleged throughout his Amended Complaint, he sufficiently pleaded a retaliatory-discharge claim.

IV.     Conclusion

For the above stated reasons, the Court grants JSU's motion for judgment on the pleadings with respect to Counts One and Two of the Amended Complaint but denies the motion with respect to Count Three.  Count One is dismissed without prejudice; Count Two is futile and is dismissed with prejudice.

The stay of this matter is lifted.  The parties are directed to contact Magistrate Judge F. Keith Ball's office within ten (10) days to request a case management conference.

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2014.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE