UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VINSON BALLARD                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:13CV672-DPJ-FKB

JACKSON STATE UNIVERSITY                                                            DEFENDANT

ORDER

This employment dispute is before the Court on the Report and Recommendation [54] of Magistrate Judge F. Keith Ball.  On June 16, 2015, Judge Ball conducted a successful settlement conference with the parties and the settlement terms were memorialized in a document signed by Plaintiff Vinson Ballard, his counsel, Defendant Jackson State University's representative, and its counsel.  Agreement [54-1].  Ballard subsequently refused to sign the release documents and filed a motion to withdraw settlement [49].  Defendant JSU countered with a motion to enforcement settlement [51].

After referral by this Court, Judge Ball considered the competing motions and concluded that a meeting of the minds had occurred and the parties entered into a binding contract.  R&R [54] at 1.  He did, however, agree with Plaintiff's contention that the parties' agreement did not contemplate confidentiality, a term which JSU had included in the release documents.  *Id.* at 2.

Plaintiff filed an Objection, which largely consists of arguments regarding the merits of his claims against JSU and complaints about his counsel.  None of these objections are grounds for setting aside a valid, binding, settlement agreement.  *See generally Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) ("If a party to a Title VII suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement.").

The Court finds that the Report and Recommendation [54] should be adopted as the opinion of the Court.  Plaintiff's motion to withdraw settlement [49] is denied.  Defendant's motion to enforce settlement [51] is granted to the extent it seeks to compel Plaintiff to sign a release, provided that release does not contain a confidentiality agreement.

Plaintiff is hereby ordered to execute a "full, final, and complete release of all claims against Defendant, and The Mississippi Board of Trustees of State Institutions of Higher Learning, and their employees, agents, officers, etc." as expressly stated in the terms of settlement.  Agreement [54-1].

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2016.

                                                s/ *Daniel P. Jordan III*  
                                                UNITED STATES DISTRICT JUDGE