UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VINSON BALLARD                                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:13-CV-672-DPJ-FKB

JACKSON STATE UNIVERSITY, ET AL.                                                       DEFENDANTS

ORDER

Defendants seek an order reopening this employment-discrimination suit so that the Court can enforce the parties' settlement agreement. For the following reasons, the Court finds that the motion will be granted if Plaintiff refuses to sign the release agreement.

Plaintiff Vinson Ballard sued Jackson State University and a host of university employees alleging employment discrimination. On June 16, 2015, the parties participated in a settlement conference before Magistrate Judge F. Keith Ball and successfully settled their dispute. They memorialized the terms of their agreement in a document prepared with the magistrate judge entitled "Terms of Settlement." [57-1]. The following day, the Court entered an order dismissing the case but retaining jurisdiction to reopen the matter if a party failed to fulfil the terms of the agreement. June 17, 2015 Order [48]. Unfortunately, Ballard apparently had a change of heart and refused to sign.

Aggrieved by Ballard's decision, Defendants sought an order forcing Ballard to sign. The Court referred that motion to the magistrate judge and then granted it upon his Report and Recommendation. *See* Jan. 26, 2016 Order [56]. Ballard appealed, but the Fifth Circuit Court of Appeals affirmed [64] the ruling on August 17, 2016.

Despite losing his appeal, Ballard still refuses to sign the release and has instead filed a new lawsuit against these Defendants based largely on the same claims he settled. That case was

assigned to a different judge and given Civil Action No. 3:17-cv-255.  Defendants now seek an order reopening the original case so that the settlement can be enforced and sanctions imposed. Ballard filed no response.

The Court has delayed ruling on this motion in hopes that the magistrate judge assigned to the new case might resolve the disputes during the case-management conference, but those efforts apparently failed.  The Court will therefore take up Defendants' motion to reopen this civil action.

It has been over a year and a half since the Court ordered Ballard to sign the release agreement, and nearly one year since the Fifth Circuit denied Ballard's appeal.  The Court's Order was not optional.  Ballard was ordered to sign the documents.  His failure to do so could lead to a finding that he is in contempt of court and result in incarceration or other appropriate sanctions.

Alternatively, the Court could exercise its discretion to dismiss the action with prejudice for Ballard's failure to comply with its order, relieving Defendants of their obligation to pay the agreed settlement amount.  *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (noting dismissal with prejudice is appropriate where there is a record of delay or contumacious conduct by the plaintiff).  And Plaintiff is warned that such a dismissal could prevent further litigation of his claims against Defendants.

That said, the Court will give Ballard an opportunity to comply by signing the documents as originally ordered.  If he fails to do so within ten (10) days of this Order, then Defendants are instructed to notify the Court.

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2017.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE